SARTAIN, Judge.
The accident giving rise to this litigation occurred in a parking lot of a shopping center located in the City of Baton Rouge.
Plaintiffs are Mr. and Mrs. Charles H. Radusch and the defendants are Roy L. Clontz, his employer, Davidson Dental Supply Company, Inc. and the latter’s public liability insurer, Commercial Union Insurance Company of New York.
The vehicles involved were a 1964 Ford, four door station wagon, driven at the time by Clontz and a 1965 four door Belair Chevrolet driven by Mr. Radusch.
At the time of the accident Mr. Clontz was backing from a parking space as Mr. Radusch was proceeding in an easterly direction. The right rear bumper of the Clontz vehicle came into contact with the left front fender and door of the Radusch vehicle.
The trial judge held that the plaintiffs had failed to bear the burden of proof that the accident was the result of the negligence of Mr. Clontz. Accordingly, their demands for injuries to themselves, the alleged death of their then unborn child, and the rights inuring to them through their deceased child were rejected. Plaintiffs now prosecute this appeal.
Inasmuch as the trial judge did not hand down written or oral reasons for judgment setting forth the pivotal points upon which he based his decision, we are called upon to review the record in its entirety and to determine for ourselves whether or not the result reached by the trial judge was manifestly erroneous.
The only facts which are really not in dispute concern the situs of the accident. Located on the northeast corner of Plank and Choctaw Roads is a shopping center. The buildings comprising the center are set back from these two thoroughfares. The parking lot itself is cut off from the thoroughfares by a curbing. There are four entrances to the parking lot. By virtue of the location of the stores the parking lot is “L” shaped with the bottom of the “L” running in a generally east-west direction and parallel to Choctaw Road. The back or top of the “L” runs in a north-south *244 direction and parallels Plank Road. There are two exits-entrances from Choctaw Road, one located near its intersection with Plank Road and the other at the east end of the “L”. This accident occurred on the parking strip parallel to Choctaw Road. The stores at the shopping center are bounded first by a walk, then the parking area, then the curb to Choctaw Road and then the road itself. Parking spaces are provided so that vehicles may park at an angle, facing the stores and the curb. While the parking spaces are painted, there is no center line painted as such. However, there is an asphalt “seam” running in an east-west direction which from the appearances of the photographs equally divides the line for east-west travel.
Mr. Clontz was parked in one of the spaces fronting on the sidewalk. The space to his immediate west was vacant but in the next parking space was a panel-body truck. At the time of the accident, Mr. Radusch was traveling in an easterly direction in what he described as being in his lane of travel (apparently south on the asphalt seam) when his car came into contact with the Clontz vehicle. With this setting in mind we now look to the testimony of the various witnesses.
Mr. Clontz stated that he got in his station wagon and because the view to his left (west) of approaching vehicles was blocked by the panel truck, he began to back out very slowly. He stated that when he had backed up approximately six feet, he heard the sound of a horn. He immediately stopped his vehicle but was struck by the Radusch automobile. He stated that he could not see beyond the panel truck and it was for this reason that he backed up very slowly and was able to stop so quickly.
Mr. Radusch testified that he entered the parking lot from Plank Road at its entrance nearest Choctaw. He said that when he turned into the parking lot he had to wait for another vehicle which crossed in front of him. He then stated that after the vehicle passed him, he proceeded to travel east between three to five miles per hour. He explained that he was able to see Mr. Clontz get into his vehicle and commence his backing maneuver. He stated that he blew his horn when Mr. Clontz initially began to back up, that Clontz appeared to stop, and he (Radusch) continued on in an easterly direction. It was then that Clontz renewed his backing maneuver and struck his left front fender and door.
Mrs. Radusch testified that as they turned into the shopping center, she did not pay any particular attention to any traffic but was looking for an available parking space. She said that when she heard her husband sound the horn, she immediately looked to her left and the two cars collided.
Officer H. J. Goudeau, Jr., of the Baton Rouge City Police, investigated the accident. When he arrived the two vehicles had not been moved. He measured the point of impact as being 26 feet south of the sidewalk adjacent to the stores of the shopping center and 120 feet east of the east parallel line of Plank Road. This officer stated further that in his opinion the Radusch vehicle was south of the asphalt strip located near the center of the traffic lane.
Mr. William P. Adams testified that he measured 26 feet from the south edge of the sidewalk which brought him to a point north of the asphalt strip. A photograph introduced in evidence showing this point appears to the court to be 18 or 24 inches north of the said asphalt strip.
These are the facts upon which the trial judge was called upon to base his decision as to liability.
It would be an exercise in speculation for us to say that the trial judge was manifestly erroneous under the aforementioned facts, when he concluded that the. plaintiffs had failed to show that Mr. Clontz was guilty of negligence.
*245 To support the conclusion that Mr. Clontz was not guilty of negligence proximately causing the accident, the trial judge had to find that Mr. Clontz was backing out of his parking space at an extremely slow rate of speed and with extreme care. The evidence in this case does not refute that conclusion. It is not unreasonable to hold that Mr. Clontz was in the act of backing up cautiously for the purpose of being able to see around the panel truck and collided with the Radusch vehicle while he (Clontz) was still within his traffic lane.
We cannot reconcile the testimony of Mr. Radusch with that of Mr. Clontz in several respects. Clontz said he could not see Radusch because of the intervening panel truck. Radusch said he not only saw Clontz but observed him to stop once, appear to be looking for something on the seat, and then renewed his backing maneuver. Radusch also said that he blew his horn twice, once before Clontz resumed his backing maneuver and again just at the moment of impact. Actually, Mrs. Radusch’s testimony appears to support the conclusion that the blowing of the horn by her husband and the impact of the two vehicles were almost simultaneous.
If the testimony of Mr. Clontz is accepted, his backing maneuver was exercised with extreme care. The duty on the part of Mr. Radusch was not only to see that Mr. Clontz was backing up in his direction but to take such steps as were necessary to warn him of his (Radusch’s) presence. Undoubtedly, the trial judge found that Mr. Clontz had exercised his duty to back with extreme care and Mr. Radusch had failed to exercise the duty imposed upon him to warn the backing vehicle of his presence. It must be borne in mind that this accident happened in a parking lot in a shopping center where the vehicles are required h> park at an angle and can only leave a parking space by backing up.
If we take as an objective finding that the point of collision was 26 feet south of the south parallel line of the sidewalk, then the accident did in fact occur north of the asphalt strip which lends credence to the finding that the backing maneuver of Mr. Clontz was reasonable, precautionary and exercised with due diligence.
We freely admit that this is an extremely close case of negligence. The claim of Mrs. Radusch could only be rejected if Mr. Clontz was absolved of negligence as he was by the trial judge.
The issue in this case is one of fact and the decision of the trier of fact, who heard and observed the witnesses, should not be overturned unless it is manifestly erroneous. We are not in a position to say that it was.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants’ costs.
Affirmed.